## S. H. ROTHERMEL v. J. F. DUMN.

ERROR TO THE COURT OF COMMON PLEAS OF BERKS COUNTY.

Argued February 28, 1888—Decided April 16, 1888.

Plaintiff purchased premises subject at the time to a lease to the defendant for one year ending December 4, 1881. Soon afterwards, receiving from the defendant a year's rent at the old rate, he gave a paper acknowledging the receipt of rent for a year beginning December 22, 1881, the date when the title passed from the lessor of the defendant. A notice having been served on September 20, 1882, requiring the defendant to quit on December 22, 1882, in an action afterwards brought for the possession under the act of December 14, 1863, P. L. (1864) 1125 : Held,

1. That the question whether the writing given was a new lease for one year from December 22, 1881, as claimed by the plaintiff, or whether the transaction was an attornment and that date was adopted without prejudice as a modification of the term under the old lease, or under a new one, as the lessee's rights might afterwards appear, was a question of fact for the jury.
2. That, in either event, the relation of landlord and tenant between the plaintiff and defendant was established, and the notice to quit was in time to sustain the action.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 332 January Term 1887, Sup. Ct.; court below, No. 36 February Term 1883, C. P.

On January 24, 1883, an appeal by the defendant was entered in the Court of Common Pleas from the judgment of an

alderman in favor of James F. Dumn against Samuel H. Rothermel, in a proceeding by the plaintiff, as landlord, to recover from the defendant as tenant, the possession of premises demised, said proceeding being under the act of December 14, 1863, P. L. (1864) 1125. The plea was not guilty.

At a former trial in the Court of Common Pleas on April 28, 1884, the defendant, claiming to hold under a parol lease for the term of ten years from Mrs. Maria Stichter, a former owner, had a verdict and judgment in his favor for the sum of $106.50 as damages by reason of his removal from the premises under a writ of possession issued upon the judgment of the alderman. On a writ of error to this court, however, it was decided that upon the facts presented the defendant had but a tenancy at will from Mrs. Stichter, converted by his payment of an annual rent into a lease from year to year; the judgment was reversed and a venire de novo awarded: Dumn v. Rothermel, 17 W. N. 292, 112 Pa. 272.

At the second trial on November 24, 1886, it was shown in substance: That on December 4, 1880, Rothermel, the defendant, leased by parol from Mrs. Maria Stichter, the then owner, a parcel of ground and iron-ore wharf in Fleetwood, for the term of ten years, at an annual rental of $60; that on December 22, 1881, Mrs. Stichter conveyed the premises to Amos H. Madeira, and on January 13, 1882, Madeira conveyed the same premises to Dumn, the plaintiff, Rothermel being still in possession without any notice to quit, or any proceedings at that time to obtain possession; that after Dumn obtained title he proposed to make a new lease to Rothermel for one year; Rothermel declined, claiming that he had already had a valid and subsisting lease from Mrs. Stichter for ten years, and offered to pay Dumn $60, the rent for one year under that lease, which was refused by Dumn; that finally, on January 15th or 16th, 1882, in the presence of Esq. Bernhard, $60 was paid by Rothermel for which Dumn gave a receipt with terms or provisions which became the principal matter of contention on the trial.

Mr. Dumn testified, in substance, that the term agreed upon was to be one year from the date of the deed from Mrs. Stichter; that at the time when the agreement was made and the $60 paid he did not know the date of that deed, but he left a

receipt with Esq. Bernhard signed by him but with a blank for
the date from which the term was to begin, went home and
got his deed, returned with it the same evening or the next
morning and the date was then inserted by Esq. Bernhard in
the receipt to be delivered to Rothermel. He further testified
that on September 20, 1882, a written notice was served by
him upon Rothermel to quit the premises on December 22,
1882.

The defendant testified, in substance : That at the meeting
at Esq. Bernhard's office, Dumn "wanted to receive the rent
some way, and after we had been talking quite a while, we got
Esq. Bernhard's attention to the matter positively to this ef-
fect, that this, our doings there, should not interfere with my
rights and it should not interfere with his rights, merely that
I paid the rent and he received the rent, and leave this matter
as I proposed to have and his rights just as it is . . . . . I
didn't care about the receipt at all after we had Bernhard's at-
tention to the matter ; " that no agreement was made between
him and Dumn ; he could not say whether the receipt fixed
the time when the year was to begin or not, perhaps it did ; he
did not know enough about the receipt to make any statement
about it ; he believed it was true that Bernhard kept the re-
ceipt, when it was signed, in order to insert the date on which
the deed from Mrs. Stichter to Madeira was executed.

The testimony of Wm. Bernhard, Esq., deceased, taken on
the former trial, was read on behalf of the defendant, the wit-
ness testifying as to the interview at his office when the receipt
was given: "Rothermel looked over the receipt and declined
to accept it. The exact words I cannot repeat, but Rothermel
claimed to have a lease with Mrs. Stichter, and he was afraid
if he would accept the receipt it would interfere with the lease
he claimed to have. They finally called my attention to the
fact that the receipt was given and taken in this way ; that it
should neither create a new lease nor interfere with the lease
that Rothermel claimed to have."

The court, HAGENMAN, P. J., charged the jury and answered
the points presented as follows :

The case narrows itself down to what took place when the
parties met at 'Squire Bernhard's on the 15th or 16th of Janu-

ary, 1882, and from the evidence as it has been submitted to the jury, you will have to ascertain what was the agreement entered into at that time between the parties. Certain points have been submitted on the part of the plaintiff which I will now answer.

1. If the jury believe that at the time Samuel H. Rothermel paid James F. Dumn his $60 rent, a receipt was given by Dumn specifying that the year was to commence on the 22d day of December, 1881, and that Dumn gave the three months' notice to quit, as testified to by him, the verdict of the jury should be for the plaintiff, James F. Dumn.

Answer: This point is affirmed.[1]

2. Samuel H. Rothermel not having denied that the receipt specified the date of the commencement of the lease as the 22d of December, 1881, and the evidence of the plaintiff upon that subject being uncontradicted, if the jury believe the testimony of James F. Dumn, and J. G. L. Brownwell, Esq., as to the time fixed in the receipt as the commencement of the term, the plaintiff is entitled to recover, and the verdict should be in favor of James F. Dumn.

Answer: This point is affirmed.[2]

3. Under all the evidence in this case, the plaintiff, James F. Dumn, is entitled to a verdict.

Answer: The court declines to so instruct the jury.

The defendant submitted points to the court.

1. If from all the evidence in the case the jury do not believe that a lease was made before 'Squire Bernhard, as the plaintiff has testified, then the verdict must be for the defendant.

Answer: This point is affirmed.

2. If from all the evidence the jury believe that Dumn agreed to take the $60, which Rothermel left with 'Squire Bernhard, that the agreement should not affect the right which each party claimed to the property, and that no agreement was made by Rothermel to lease the same from Dumn, the verdict must be for the defendant.

Answer: This point is affirmed.

3. If the jury should find for the defendant, it will be their duty under the act of 1863, to give such damages as under the evidence he should have sustained by reason of his removal from the premises.

Answer: This point is affirmed, and I will give the jury further instructions in the general charge.

The first inquiry for you to make is what took place at 'Squire Bernhard's office on the 15th or 16th of January, 1882. There is no dispute that the money was paid on that day. The simple question for the jury is to ascertain what was agreed between the parties on that day. It seems to be established in the case, as a proof, that on that day there was a receipt given for $60. It is claimed on the part of the plaintiff that that receipt contained what would be the terms of the agreement; in other words, that it specified when the lease began and when it ended. If the lease stated the terms, the payment being for one year, the lease would end at the expiration of that year. That receipt was not put in evidence, but the contents have been proved by the plaintiff, and I will also refer to the testimony of the defendant to see how far that contradicts it. I now refer to the testimony of Mr. Dumn. . .

If this testimony is believed by the jury, then it was stipulated and agreed at that time that this lease was to begin on the 22d day of December, 1881. By the payment of the $60, there was a lease for one year. Rothermel had no nine years more to stay on the premises. The law gives him no such right, but by the payment of these $60 he had another year's lease of these premises. It is for the jury to ascertain when that lease began. The defendant's first year ended on December 4, 1881. He held over on December 4, 1881, and the most that he can claim is that he was there for another year from the 4th of December, 1881. And that is the claim on the part of the defendant, that his lease began on the 4th of December, 1881, for the second year. If it began on the 4th of December, then the notice to quit given him by the defendant on the 20th of December, 1882, was too short, and the proceeding that was begun before the alderman could not be sustained. If the lease expired as claimed by the plaintiff, the notice was sufficient, the proceedings are regular, and the plaintiff is entitled to recover; for then the lease expired as stated in the receipt (as alleged by the plaintiff), on the 22d of December, 1882, three months after the giving of the notice.

The defendant, into whose possession this receipt passed, does not produce the receipt in court. It is shown by evi-

dence, with which the jury will probably be satisfied, that it passed into the hands of his then counsel, Mr. Green, some two years or so ago, and that he never received it back. That receipt is not in the possession of the present counsel for the defendant, and it is assumed that Mr. Green mislaid it or lost it. At all events it is not produced.

You have the testimony of Mr. Rothermel as to what he understood was the agreement at the time. . . . .

[From this testimony the jury is to ascertain whether, as contended for by the plaintiff, this receipt specified that the lease was to begin on the 22d of December, 1881. If you find that fact, and the other fact that notice was given on about the 21st or 22d of September, 1882, these proceedings were regular and the plaintiff is entitled to your verdict.] [3] But if the receipt did not give the date of the commencement of the lease, and if it is, as contended for by the defendant, that the rights of the parties were to be as they were under this Stichter lease, the plaintiff is not entitled to recover, for the reason that then the lease terminated on the 4th of December, 1882, and not on the 22d, and the notice was too short, and the proceedings before Alderman Brownwell were irregular. If you find that the proceedings before Alderman Brownwell were irregular, you will have to ascertain what damages, if any, were suffered by the defendant. . . . .

[Now, when you have a positive statement of a witness that the receipt contained what was the terms of the lease, and that receipt passed into the hands of the other party, and that receipt is not produced, and the other party says he does not know whether that was in the receipt or not, it is for the jury to say whether or not they should give the greater weight to the testimony which recites the contents of that receipt. And if the contents of that receipt were such and the money was paid and received, that the term was to begin on the 22d of December, 1881, the plaintiff is entitled to recover. If it was not so your verdict will be in favor of the defendant for such damages as you may find him entitled to.] [4]

The verdict of the jury was in favor of the plaintiff. A motion for a new trial having been entertained, argued and refused, and judgment entered on the verdict, the defendant took this writ assigning for error:

1, 2. The affirmance of plaintiff's points.[1] [2]

3, 4. The parts of the charge embraced in [ ][3] [4]

*Mr. C. H. Ruhl* (with him *Mr. Daniel Ermentrout*), for the plaintiff in error:

1. Under the lease from Mrs. Stichter, the defendant had a legal right to remain upon the premises until December 4, 1882. And it was necessary for the plaintiff, in order to invoke the proceedings authorized by the act of 1863, to show a tenancy as the foundation of the jurisdiction: Koontz v. Hammond, 62 Pa. 177. The unqualified affirmance of the plaintiff's points, assigned for error, left it for the jury to find whether the date, December 22, 1881, was contained in the receipt passed, ignoring entirely the question as to the contemporaneous parol agreement made, and practically withdrawing the testimony of defendant and Bernhard from the consideration of the jury.

2. If according to the testimony of defendant and Bernhard, the receipt was not to create a lease and the relation of landlord and tenant between the parties, then the attempt to use it for that purpose was a fraud upon the defendant. Under the defendant's showing, the contents of the receipt, including the date December 22, 1881, were utterly immaterial, as it was competent to explain or contradict it by parol under Phillips v. Meily, 106 Pa. 556.

*Mr. H. Willis Bland* (with him *Mr. I. H. Rothermel* and *Mr. John H. Rothermel*), for the defendant in error:

All that Rothermel claimed on the first trial was that he had a lease from Mrs. Stichter for ten years. Assuming that there was no new lease, but an attornment merely under the old, the finding of the jury that there was no new lease directly from Dumn, was in no way inconsistent with a modification of the alleged existing contract, as to the time of the beginning and ending of the term: Dumn v. Rothermel, 112 Pa. 283. But, on the last trial, the defendant substantially admitted that the receipt embodied the terms of his lease with the plaintiff. The case was fairly submitted to the jury.

OPINION, MR. JUSTICE CLARK:

When this case was here before, we held that under the

statute of frauds, the alleged parol lease, from Maria Stichter to Rothermel, was but a lease at will, which, by payment and acceptance of the rent, had been expanded into a lease from year to year: Dumn v. Rothermel, 112 Pa. 272; and it is conceded, as the case is now presented, that this was the legal effect of the agreement referred to.

The deed from Maria Stichter was dated December 22, 1881, and Dumn claimed the rent from that date.   When the parties met in Bernhard's office, Rothermel insisted upon his right to a lease for ten years, which right Dumn denied, and this was the subject of dispute between the parties.   The receipt, which was there written and signed, embodied the terms of a new lease for the term of one year only, the rent specified being $60. Dumn testified that when the receipt was signed, it contained the contract of the parties; that, as he was only entitled to the rent after the date of the Stichter deed, the receipt was left with Bernhard to insert that date as the beginning of the term, which was afterwards done.   Rothermel denied this statement of Dumn, and alleged that he signed the paper only after it was distinctly understood that no new lease was thereby created, and that his rights under the contract with Maria Stichter were not to be affected thereby.   Dumn was corroborated by the paper itself, and Rothermel by the testimony of Bernhard.

The fact that the receipt was written and signed is not denied, nor is it disputed that the date of the Stichter deed was for some purpose to be inserted.   The first question of fact for the consideration of the jury, therefore, was, whether or not the writing referred to was in fact what it purported to be, a lease for one year from the 22d of December, 1881, as testified by Dumn; and, if that was determined in the negative, then, second, was the 22d of December, 1881, adopted, without prejudice, as a modification of the alleged existing contract, as to the beginning and end of the ensuing year, under the Stichter lease, or under a new lease from Dumn as Rothermel's rights might afterwards appear, to the rent of which year the sixty dollars was to be applied.   It is not seriously denied that this date was to be inserted; indeed the testimony is wholly to this effect; the paper admittedly remained in the hands of Bernhard, by the agreement of the parties for this express purpose.   If either of these questions of fact were found for

the plaintiff, then the term ended December 22, 1882, and the notice to quit, dated September 20, 1882, was in time. This is substantially what was affirmed in the plaintiff's first and second points and the charge taken as a whole is to the same effect.

Upon an examination of the whole case, we are of opinion that the rulings of the learned court were right, and

The judgment is affirmed.